### In the Matter of William T. WHITE, Jr.

### No. 49S00–8806–DI–531.

Supreme Court of Indiana.

Nov. 28, 1989.

Henry E. Bradshaw, Indianapolis, for respondent.

Sheldon A. Breskow, Linda K. Barnard, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

### DISCIPLINARY ACTION

### PER CURIAM.

The Respondent in this disciplinary case is charged with violating Rules 1.15(a), 1.15(b), 1.15(c), and 8.4(d) of the *Rules of Professional Conduct for Attorneys at Law.* The Indiana Supreme Court Disciplinary Commission and the Respondent have reached an agreement, pursuant to Admission and Discipline Rule 23, Section 11(d), which they now tender for this Court's approval. The Respondent has also submitted his affidavit as required by Admission and Discipline Rule 23, Section 17(a).

Having examined all matters tendered in this case, we find that the agreement should be approved. In accordance therewith, we find that in November of 1985, Marie N. Leslie retained the Respondent to represent her in a personal injury claim. In March of 1987, Leslie accepted a settlement offer of $8,500. The Respondent accepted the settlement check on April 8, 1987, and deposited it into his personal bank account. During 1987, up to and including April 8, 1987, the Respondent did not maintain a separate trust account for clients' funds.

On June 9, 1987, at Leslie's request, the Respondent forwarded a check made payable to Dr. S.R. Benzinger and drawn on Respondent's personal bank account as payment for Leslie's medical bills. The check represented half of the amount owed Dr. Benzinger. On June 10, 1987, the check was dishonored by the bank for insufficient funds.

In mitigation the parties have also agreed that, at the time the check was written to Dr. Benzinger, Respondent's account had sufficient funds, but, unknown to him, the drawee bank had withdrawn funds from his account for an unrelated matter, leaving insufficient funds to cover Dr. Benzinger's check. Since this incident, Dr. Benzinger has been paid in full, and Respondent's client has received an apology.

We conclude from the foregoing findings that the Respondent engaged in the charged misconduct by failing to hold his

client's property separate from his own, by failing to promptly deliver to a third person funds which they were entitled to receive, by failing to keep the property separate until there is an accounting and severance of interests, and by engaging in conduct that is prejudicial to the administration of justice.

The parties agree that the appropriate sanction for the misconduct set out above is a public reprimand. Historically, this Court views with extreme scrutiny misconduct which involves mismanagement of client's funds. We note in this case, however, the mitigating factors agreed to by the Commission and give weight to their assessment of the agreed sanction. In light of this, we are persuaded that a public reprimand adequately censures the Respondent.

Accordingly, William T. White, Jr., is hereby reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.